UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

ROGER RAY MITCHELL,

    Petitioner,

    v.      CAUSE NO. 2:24-CV-435-JTM-AZ

WARDEN,

    Respondent.

OPINION and ORDER

Roger Ray Mitchell, a prisoner without a lawyer, filed a habeas petition to challenge his continued detention without a parole violation hearing. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Mitchell argues that he is entitled to habeas relief because he has not received a parole violation hearing within sixty days as required by Ind. Code § 11-13-3-10. Though this claim asserts a State law violation that is not an appropriate basis for federal habeas relief, he may also be attempting to assert that the delay violated his constitutional rights. *See Doyle v. Elsea*, 658 F.2d 512, 516 (7th Cir. 1981); *U. S. ex rel. Sims v. Sielaff*, 563 F.2d 821, 828 (7th Cir. 1977). Before considering the merits of habeas claims, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.* Under Indiana law, individuals may challenge their parole revocation by filing the appropriate petition in State court. *See e.g., Harrison v. Knight*, 127 N.E.3d 1269, 1271 (Ind. Ct. App. 2019); *Hardley v. State*, 893 N.E.2d 740, 742-43 (Ind. Ct. App. 2008); *Mills v. State*, 840 N.E.2d 354, 357 (Ind. Ct. App. 2006). Based on the electronic docket for the State courts,[1] it appears that Mitchell might have challenged his parole revocation in Case No. 43D03-2404-F5-253, but it does not appear that he did so in the proper manner. Even if he had, Mitchell did not present his claim to the State appellate courts. Therefore, the court finds that Mitchell has not exhausted his available State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Mitchell presents a claim that arises under Section 2241 rather

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this case will not effectively end Mitchell's chance at habeas corpus review by rendering his claims untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging him to proceed further in federal court until Mitchell has exhausted his claim in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition (DE # 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is unexhausted;

(2) DENIES Roger Ray Mitchell a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

**SO ORDERED.**

Date: January 15, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT